CITY OF FT. SMITH *v.* CHARLES C. ANDERSON, ET UX

5-4097                                                    410 S. W. 2d 597

Opinion delivered January 23, 1967

*Daily & Woods,* for appellant.

*Garner & Parker,* for appellee.

PAUL WARD, Justice. Mr. and Mrs. Anderson (appellees) filed a complaint in circuit court against the City of Fort Smith (appellant) to recover damages to their

home and furniture caused by a seepage or overflow of sewage. Appellant entered a general denial and, after a trial, the jury returned a verdict in favor of appellees in the amount of $3,000, hence this appeal.

The facts here stated are not in dispute. In 1963 appellant enacted ordinance no. 2431 for the purpose of rehabilitating its existing sewer system, and to finance the cost from the proceeds of sewer revenue bonds in approximately the sum of $6,500,000. The proposed project was carried out promptly.

Appellees bought and occupied a home on North "T" Street which was within the area of the completed sewer system. On December 16, 1964 their house and furniture were extensively damaged by sewage which covered the floor of the house. Appellant was notified, the cause of the sewage overflow was promptly eliminated and there has been no reoccurrence of sewage trouble since.

The extent of the damage is immaterial in view of the conclusion hereafter announced.

1.  Appellant, in this case, was acting in a governmental capacity and could not, therefore, be sued in tort. In the case of *Kirksey* v. *City of Fort Smith,* 227 Ark. 630, 300 S. W. 2d 257 we said:

"... a city in the operation of waterworks, electric light plants, sewer system, etc. was engaged in governmental functions, and not liable in damages for negligence of its officers."

To the same effect see: *Jones* v. *Sewer Improvement District of Rogers,* 119 Ark. 166, 177 S. W. 888, and *Cabbiness* v. *City of North Little Rock,* 228 Ark. 356, 307 S. W. 2d 529.

2.  However, appellees, in their complaint, alleged: that the ordinance obligated them "to pay for sewer

service" which "created a contractual obligation or quasi contractual obligation on the part of the City to properly maintain the sewer system . . .", but,that "said City refused to make corrections in said sewer system . . . .", and; that appellant thereby breached its contract and created a *nuisance* to the "damage" of appellees.

(a) There is no substantial evidence to prove a contract. At page 112 of the transcript appellees "admitted that there is no contract between the City and the Andersons other than this ordinance". We have carefully examined the ordinance (as abstracted by appellees) and find only one mention of a contract which reads "that by contract special rates can be established", referring to charges for sewer services to be paid by appellees.

(b) Neither is there any substantial evidence in the record to show a *nuisance* was created by any defect in the sewer system; and certainly there is no substantial evidence that a *permanent nuisance* was created.

Even though it be conceded, for the purpose of this opinion, that the evidence does show a *temporary nuisance* was created, appellees would not be entitled to the relief granted by the jury. Our decisions appear to be unanimous in holding that appellees' only remedy for relief would be to require the City to abate the *temporary nuisance.*

In the case of *St. Francis Drainage District* v. *Austin,* 227 Ark. 167, (pp 172-173) 296 S. W. 2d 668, we approved this statement:

> "If, when and after the plant has been completed, it is so maintained or operated as to become a nuisance, relief must be obtained by suit to abate the nuisance."

In *Jones* v. *Sewer Improvement Dist. No. 3 of Rogers, supra,* this Court said:

"As we have already seen, this Court has uniformly held that neither municipal corporations nor local improvement districts nor their officers may be sued at law or tort; but it does not follow that in a proper case they may not be enjoined from creating a nuisance or be required to abate one already created by them."

It follows, from what we have said above, that the judgment of the trial court must be reversed, and it is so ordered.