Cite as 2022 Ark. App. 200

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-21-340

| | |
|---|---|
| CITY OF MCCRORY, ARKANSAS; HONORABLE DOYLE FOWLER, MAYOR; AMANDA AUSTIN, COUNCILWOMAN; GLINDA DALLAS, COUNCILWOMAN; MARK CAIN, COUNCILMAN; RONNIE MASSINELLI, COUNCILMAN; MARY WHITLOCK, COUNCILWOMAN; AND SHAWN PEEBLES, COUNCILMAN<br><br>APPELLANTS<br><br>V.<br><br>FRED E. WILSON AND ROBERT WILSON, INDIVIDUALLY AND D/B/A WILSON REALTY, AN ARKANSAS LIMITED PARTNERSHIP, BY AND THROUGH FRED E. WILSON, MD, MANAGING PARTNER<br><br>APPELLEES | **Opinion Delivered** May 4, 2022<br><br>APPEAL FROM THE WOODRUFF COUNTY CIRCUIT COURT<br>[NO. 74CV-19-40]<br><br>HONORABLE DANNY GLOVER, JUDGE<br><br><br><br><br><br><br><br>REVERSED |

**WAYMOND M. BROWN, Judge**

This is an interlocutory appeal from an order denying a motion for summary judgment alleging statutory immunity pursuant to Arkansas Code Annotated section 21-9-301.[1]  We reverse.

---

[1](Supp. 2021).

Appellees Fred E. Wilson and Robert Wilson, individually and D/B/A Wilson Realty, an Arkansas Limited Partnership, by and through Fred E. Wilson, MD, managing partner (the "Wilsons"), filed a complaint against the City of McCrory and members of the McCrory City Council in their official capacities (the "City"), alleging an improper taking—inverse condemnation—without appropriate compensation.

Specifically, the complaint alleged and stated the following:

4. The City of McCrory, acting by and through its Mayor and Council caused to be constructed along 9th street in that city a relift/pump station designed to remove sewage from the city's sewer system and insure that such effluent flows safely to treatment and disposal. The location of the city's relief/pump is shown on the attached Exhibit 1.

5. The Plaintiffs own property south of and "behind" the relief/pump constructed by the Defendants. Plaintiffs' property is situated such that effluent and sewage flows in a northeasterly direction from Plaintiffs' property towards the relift/pump. Prior to the installation of the relift/pump by the City of McCrory, Plaintiffs never experienced raw sewage delivery into their property. The location of the Plaintiffs' property is shown on Exhibit 2.

6. The City of McCrory caused to be constructed a sewage relift/pump that was inadequate to handle the influx of sewage, effluent, rainwater and other water flowing through it. The City of McCrory likewise failed to install a sufficient backflow preventer to insure that sewage, effluent, rainwater and other water flowing through the pump did not backflow in the event of a failure by the pump or a large influx of water (i.e. a downpour of rain).

7. On several occasions since the installation of the relift/pump system the system has failed to perform adequately or the pump has failed. In those instances, the sewage, effluent, rainwater and other water has no ability to move in the normal direction of flow and begins filling up the manhole space between the property of Plaintiffs and Defendants. The sewage, effluent, rainwater and other water then backflows into the Plaintiffs' system, running out of toilets and flooding the property belonging to Plaintiffs. This phenomenon has also caused the manhole cover between the two properties to be displaced, thus allowing additional backflow and flooding of raw sewage through the doors and walls of Plaintiffs' property.

8. The Defendants have been on notice of these problems for quite some time and have failed and refused to remedy same. Additionally, the Defendants have failed and refused

to compensate Plaintiffs for the unlawful taking of their property for use as a storage area for raw sewage.

9. Arkansas Constitution article 2, § 22 provides "The right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor." The property was repaired after each instance of flooding. Floors were removed and walls were replaced. However, because of the inadequacy of the system installed by the City of McCrory and the resulting use of Plaintiffs' property as a wastewater storage facility, the property is unsalable. For so long as the pump/relift station exists in its inadequate state, the property will be inundated with sewage. A property in that state has a value of less than zero, since it has no marketable value (previously calculated at $108,000.00 for assessment purposes) but the structure would have to be removed before it became a nuisance to the public. Plaintiffs estimate that this removal would cost an additional $40,000.00. Additionally, Plaintiffs have spent approximately $26,000.00 in "stopgap" repairs in the hopes that the city would fix the pump/relift issue prior to the next inundation. Obviously, a constant cycle of inundation and repair is untenable and is the precise reason why the takings provision of the Arkansas Constitution exists, along with the legal theory of inverse condemnation. The failure of the City of McCrory to compensate Plaintiffs for the unlawful taking of their property has damaged Plaintiffs in a sum exceeding $174,000.00. The assessment record for the Plaintiffs' property is shown on Exhibit 3.

The City timely answered the complaint, denying any and all alleged wrongdoing and asserting various affirmative defenses, including statutory immunity. On April 13, 2021, the City filed a motion for summary judgment, claiming that although the Wilsons titled their claim as one for inverse condemnation, the claim sounds in negligence from which the City is immune pursuant to Arkansas Code Annotated section 21-9-301. The city further asserted in its summary-judgment motion that the Wilsons failed to make a prima facie case of inverse condemnation. The City attached several exhibits to the motion, including the affidavits of Mayor Doyle Fowler and Paula Veazey and the deposition of Dr. Fred Wilson.

Mayor Fowler stated in his affidavit that the City had begun the process of making improvements to the municipal wastewater system, which involved constructing a new pump station to allow for the replacement of sanitary sewer-collection lines that served certain users in McCrory.

3

The plans and specifications for the pump-station project were approved by the Arkansas Department of Health, and the final inspection report was submitted on September 1, 2017, at which time the pump station was operating without issue. Mayor Fowler stated that in August 2018, he was notified of a minor sewer backup in the bathrooms of a building owned by Dr. Fred Wilson located at 109 E. 9th Street in McCrory. Two additional minor backups, also contained to the bathrooms, occurred in October and December. In mid-December, following a heavy rain, a larger backup occurred. Mayor Fowler said he then learned that Dr. Wilson did not have a backflow preventer installed on his private sewer line, and although the City was not required to do so, he directed the City's water and sewer company to install one at no cost to Dr. Wilson. Mayor Fowler asserted that he received no further complaints from Dr. Wilson following installation of the backflow preventer. Additionally, in his affidavit, Mayor Fowler stated that

> the City did not maintain any policy of liability insurance that would have covered the backups. The City did not, and does not to this date, maintain any general liability insurance, or any other insurance policy, issued to the City of McCrory or any of its subdivisions, or employees, or in which the City was named as an insured, that would have provided any coverage for the sewage backups that Dr. Wilson reported his building sustained in 2018.

In her affidavit, Paula Veazey stated that she is employed as the administrator of Intrepid USA Healthcare and Hospice at Home ("Intrepid USA") located at 109 E. 9th Street, McCrory, in a building leased from Wilson Realty. She stated that Intrepid USA had been at the same location for more than ten years. Veazey said that in the middle of 2018, there were a couple of small sewage backups in the building that had to be cleaned and that in either late October or early November, there was a big backup of sewage in the building. She stated that someone with the City corrected the problem, and there had been no further sewer issues. Veazey stated that Intrepid USA has

"remained in the building and continued to pay rent at all times, even when the big backup occurred."

In response to the City's summary-judgment motion, the Wilsons contended that the facts in the present case are nearly identical to the facts in *Robinson v. City of Ashdown*,[2] in which the court found that instances of negligence, if sustained for a long time, amount to inverse condemnation. The Wilsons asserted that there were genuine issues of material fact that precluded summary judgment—specifically, whether the length of the City of McCrory's negligence was "long enough" to ripen into an inverse-condemnation claim.

In reply, the City argued that the undisputed proof unquestionably establishes that the facts in this case are in no way similar to those in *Robinson* and that the Wilsons failed to identify a material fact in dispute. The City maintained that Dr. Wilson's own testimony that the property had a current value of $160,000, up from its previously assessed value of $108,000, established that the property at issue had not substantially diminished in value.

In its June 24, 2021 order denying the City's motion for summary judgment, the circuit court found:

> [The City is] not entitled to immunity and that genuine issues of material fact exist as to whether the length of [the City's] alleged negligence is long enough to amount to inverse condemnation. The Court further finds that genuine issues of material fact exist as to whether the [Wilsons] have suffered loss of their property sufficiently to justify a taking.

The City now appeals the circuit court's order denying its motion for summary judgment on the basis of statutory immunity.

---

[2]301 Ark. 226, 783 S.W.2d 53 (1990).

This court has jurisdiction to hear the statutory-immunity issue pursuant to Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure—Civil, which provides that "[a]n order denying a motion to dismiss or for summary judgment based on the defense of sovereign immunity or the immunity of a government official" is an appealable order. However, Rule 2 does not authorize an interlocutory appeal from the denial of a motion for summary judgment generally.[3] In fact, the general rule is that the denial of a motion for summary judgment is neither reviewable nor appealable.[4] Nonetheless, we have recognized that where the refusal to grant a summary-judgment motion has the effect of determining that the appellant is not entitled to immunity from suit, an interlocutory appeal is permitted since the right of immunity from suit is effectively lost if a case goes to trial.[5] As such, we lack jurisdiction at this time to decide on appeal any issue other than whether the circuit court erred in denying summary judgment on the issue of immunity.[6]

On appeal, the City contends that the Wilsons' claim, although labeled as one for inverse condemnation, is, at its core, a negligence claim for which it is entitled to statutory immunity and that the circuit court erred in denying judgment in its favor. Arkansas Code Annotated section 21-9-301(a) provides in pertinent part that

> [i]t is declared to be the public policy of the State of Arkansas that all counties, municipal organizations, school districts, public charter schools, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies,

---

[3]Ark. R. App. P.—Civ. 2(a).

[4]*Gentry v. Robinson*, 2009 Ark. 634, 361 S.W.3d 788.

[5]*Id.*

[6]*See City of Farmington v. Smith*, 366 Ark. 473, 477, 237 S.W.3d 1, 4 (2006) (addressing only the immunity claim and not "the merits of the numerous arguments raised").

authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.

This court has held that whether a party is immune from suit is purely a question of law and is reviewed de novo.[7]

Our law is well settled that summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to summary judgment as a matter of law.[8]  Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact.[9]  On appellate review, we determine if summary judgment was appropriate by deciding whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered.[10]  We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party.[11]  Our review focuses not only on the pleadings but also on affidavits and other documents filed by the parties.[12]

---

[7]*City of Fayetteville v. Romine*, 373 Ark. 318, 284 S.W.3d 10 (2008).

[8]*City of Farmington*, *supra*.

[9]*Id.*

[10]*Id.*

[11]*Id.*

[12]*Id.*

The City contends that the Wilsons' complaint alleging damages suffered due to sewage backflow amounts, at most, to negligence on behalf of the City and that any negligent acts did not occur for a length of time sufficient to ripen into an inverse-condemnation claim. The Wilsons maintain that the facts of this case are akin to those presented in *Robinson*,[13] in which our supreme court held that instances of negligence, with respect to which the city has immunity from suit, if sustained for a long time, may amount to inverse condemnation. In *Robinson*, the Robinsons experienced sewer problems over a nine-year period to the extent that the constant smell interfered with the use and enjoyment of their home such that the family could not use the home to entertain friends. They also feared for their physical well-being due to the growth of fungi in the home, especially in light of the fungal infections that the family suffered as a result of "flowers" growing in the shower. The City of Ashdown was repeatedly notified of the sewage overflow but failed to remedy the problem. It was the failure to provide relief over an extended period of time that the court deemed a taking, substantially diminishing the value of the Robinsons' property.

That is not in line with the facts before us. Here, Dr. Wilson stated that there were four separate backups occurring between August and December 2018. The City then remedied the issue. In his deposition, Dr. Wilson also admitted that Intrepid USA continued to occupy the property and pay rent in full.

While the case at hand and the *Robinson* case both involve issues caused by sewer overflow, the severity and duration of the problems vastly differ. We decline to hold that the four individual incidents experienced over a four-month period amount to negligent acts sufficient to mature into a

---

[13]301 Ark. 226, 783 S.W.2d 53.

8

claim of inverse condemnation as contemplated by the *Robinson* court. In *City of Fort Smith v. Anderson*,[14] our supreme court reversed a jury award resulting from a single sewage overflow into a landowner's home wherein the problem with the city system was immediately corrected. While over a four-month time frame, the Wilsons endured four overflows into their building, three were minor. Following the last overflow, which occurred after a heavy rain and was more extensive and affected areas beyond the bathrooms of the property, the City remedied the issue. The Wilsons acknowledged there have been no further issues with the sewer system since the City installed the backflow preventer. Consequently, we hold that the sewer backups in this case did not rise to a level sufficient to support an inverse-condemnation claim. When viewing the proof in the light most favorable to the Wilsons, we cannot say that the City's actions constituted a taking of the Wilsons' property.

Further, Dr. Wilson stated that the previously assessed value of the property was $108,000. At the time of his deposition, Dr. Wilson estimated the value of the property to be $160,000. Since there was no proof that the value of the Wilsons' property had substantially diminished—the evidence presented established that the value increased—the inverse-condemnation claim fails as a matter of law.

Because the Wilsons' claim sounds in negligence, the tort-immunity statute is applicable. Arkansas Code Annotated section 21-9-301(a) grants immunity "except to the extent that [the City] may be covered by liability insurance." The City's proof—the affidavit of Mayor Fowler—is sufficient to establish that the City does not have insurance to provide coverage for the Wilsons'

---

[14]241 Ark. 824, 410 S.W.2d 597 (1967).

claim.  Therefore, because the City put forth proof that it did not have insurance for the negligence claim alleged by the Wilsons, it is entitled to statutory immunity.  Because the circuit court erred in denying the City's motion for summary judgment as to statutory immunity, we reverse.

Reversed.

BARRETT and VAUGHT, JJ., agree.

*William C. Mann III* and *Gabrielle Gibson*, for appellants.

*John H. Bell*, for appellees.