Cite as 2024 Ark. App. 415

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-23-380

| | |
|---|---|
| THE CITY OF ROGERS<br><br>APPELLANT<br><br>V.<br><br>ABIGAIL POWELL, TRUSTEE OF THE ABIGAIL RUTH POWELL REVOCABLE TRUST U/D NOVEMBER 15, 2001<br><br>APPELLEE | Opinion Delivered September 11, 2024<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-20-1361]<br><br>HONORABLE XOLLIE DUNCAN, JUDGE<br><br>REVERSED |

**N. MARK KLAPPENBACH, Judge**

The City of Rogers appeals the denial of its motion for summary judgment in which the City sought immunity from litigation. This interlocutory appeal is permitted by Ark. R. App. P.–Civ. 2(a)(10) (2023). We reverse.

This litigation stems from a drainage problem. Arkansas Athletes Outreach (AAO) intended to purchase approximately eleven acres on South Dixieland Road in Rogers and planned to build a sports complex on the property. Before purchasing the property, AAO submitted stormwater drainage plans with the City in February 2019. The plans were rejected, and the City responded with several issues that needed to be addressed. AAO purchased the property in May 2019. AAO's engineer resolved the issues and resubmitted a revised drainage plan in July 2019, which the City accepted because it complied with the

City's stormwater drainage manual. The City's planning commission also approved AAO's large-scale development plan.

In June 2020, Abigail Powell, as trustee of the trust that owned approximately five acres immediately south of the AAO property, filed a lawsuit against the City and AAO. The five acres has a 3,324-square-foot residence, a 3,000-square-foot shop building, and animal pens. Powell alleged that AAO had removed almost all the vegetation from its property and installed drainage pipes that directed stormwater to flow across the Powell property. Powell claimed that the AAO drainage system was not compliant with the city's stormwater drainage requirements, focusing on the flaws in AAO's February 2019 plans that the City had rejected. Powell asserted negligence, nuisance, and trespass against AAO. Powell alleged inverse condemnation against the City for allowing AAO to act as it did to the detriment and devaluation of the Powell property. Powell sought an injunction against both AAO and the City from further construction activities.

In November 2020, Powell nonsuited the causes of action filed against AAO after it asserted charitable immunity. In July 2021, Powell filed an amended complaint to add AAO's insurance company, The Cincinnati Indemnity Company, as a party to the lawsuit, and added a claim of unjust enrichment against both the insurance company and the City.

Following discovery, the City moved for summary judgment in January 2023 asserting that there was no evidence that the City intentionally accepted a defective stormwater drainage design from AAO; there was no evidence that Powell's property was substantially devalued; that Powell was incorrectly relying on AAO's initially rejected drainage plan; that

2

the City had approved a revised drainage plan in July 2019 that was compliant with city requirements; and that the City was entitled to statutory immunity. The City attached the affidavit of a city engineer, Powell's responses to discovery, a copy of the 165-page revised drainage plan that AAO presented to the City in July 2019, and an affidavit of the city finance director.

Powell responded in resistance to the motion, providing an affidavit that said the sports-complex construction artificially elevated the AAO seven to eight feet higher than the adjoining Powell property; almost all vegetation was removed from the AAO property; the City did not ensure that proper corrective measures were taken; AAO's drainage pipe was effectively "a water cannon" pointed toward the Powell property; Powell repeatedly expressed concerns to both AAO and the City; and, regardless of Powell's concerns, the Powell property was routinely flooded by AAO's drainage system. Powell contended that the City had a duty, within its approval process with AAO, to prevent damage or adverse effects to neighboring properties. Powell contended that the residence and shop had been penetrated and damaged by the increased stormwater; that approximately three acres of the Powell property regularly floods with stormwater; and that the stormwater effectively cut the Powell property into two sections.

The City responded that it was entitled to summary judgment because Powell's claim of inverse condemnation was, in fact, a cause of action for negligence, from which the City was statutorily immune pursuant to Ark. Code Ann. § 21-9-301. The City asserted that this was not a city-constructed project, and none of the engineers or construction workers on the

3

AAO project were city employees or agents of the City. The City contended that Powell had failed to prove any intentional harm and also failed to prove damages because Powell presented an untimely affidavit in the response to the motion for summary judgment.

In March 2023, the circuit court entered a one-paragraph order denying the City's motion for summary judgment. This appeal followed. The only issue over which we have jurisdiction in this interlocutory appeal is whether the circuit court erred in denying summary judgment on the issue of immunity. *City of Sherwood v. Bearden*, 2023 Ark. App. 67, 661 S.W.3d 213.

Our law is well settled that summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *City of Sherwood*, *supra*. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, we determine if summary judgment was appropriate by deciding whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.*

The City contends that, rather than stating a claim for inverse condemnation, the plaintiffs have alleged a tort claim from which the City is immune. Arkansas Code Annotated section 21-9-301(a) (Supp. 2021) provides that

> [i]t is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, public charter schools, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.

The issue of whether a party is immune from suit is purely a question of law and is reviewed de novo. *City of Sherwood*, *supra*.

Inverse condemnation is a cause of action against a governmental defendant to recover the value of property that has been taken in fact by a governmental entity, although not through eminent-domain procedures. *Robinson v. City of Ashdown*, 301 Ark. 226, 783 S.W.2d 53 (1990). "Fault" has nothing to do with eminent domain, and it is not bare trespass or negligence that results in inverse condemnation but something that amounts to a de facto or common-law "taking." *Id*. When a municipality acts in a manner that substantially diminishes the value of a landowner's land, and its actions are shown to be intentional, it cannot escape its constitutional obligation to compensate for a taking of property on the basis of its immunity from tort action. *Id*.

The City argues that there was no evidence that it did anything to invade or trespass on the Powell property because there was no evidence that the City installed the pipes or performed any construction that led to the flooding. The City acknowledges that it approved

5

the revised drainage plans, but those revised plans met with city requirements. We have held that the mere approval of a developer's plans is not sufficient evidence of government action that could constitute a taking. *City of Sherwood*, *supra*.

We also agree with the City that Powell failed to put forth proof of any intentional conduct necessary to establish a taking. Here, there is no evidence that the City knew the plans it approved were substantially certain to lead to flooding on the property. The City does not dispute that it was informed of the flooding after the fact, but Powell has not alleged any action constituting a taking beyond the initial approval and installation of the pipes. Accordingly, there is insufficient proof of any affirmative government activity that caused Powell damages and could constitute an intentional taking.

We hold that Powell failed to put forth sufficient proof to support an inverse-condemnation claim, and the claim, at most, amounts to negligence. Because the claim sounds in negligence, the tort-immunity statute is applicable. *See City of McCrory v. Wilson*, 2022 Ark. App. 200, 644 S.W.3d 823. There is no genuine issue of material fact in dispute as to whether the City is entitled to immunity on a tort claim. Arkansas Code Annotated section 21-9-301(a) grants immunity except to the extent that the city may be covered by liability insurance, and it is not disputed that the City does not have insurance to provide coverage for Powell's claim. Because the circuit court erred in denying the City's motion for summary judgment as to statutory immunity, we reverse.

Reversed.

GLADWIN and GRUBER, JJ., agree.

6

*John Pesek*, for appellant.

*Kelley Law Firm, PLLC*, by: *Glenn E. Kelley*, for appellee.