

Cite as 2014 Ark. App. 564

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-251

|  |  |
|---|---|
| | **Opinion Delivered** October 22, 2014 |
| JOHN FINCH and CINDY FINCH<br>APPELLANTS | APPEAL FROM THE CARROLL<br>COUNTY CIRCUIT COURT<br>[No. CV-2011-160] |
| V. | |
| CARROLL COUNTY, ARKANSAS, and<br>SAM BARR | HONORABLE MACKIE M. PIERCE,<br>JUDGE |
| APPELLEES | AFFIRMED |

## LARRY D. VAUGHT, Judge

On appeal is the Carroll County Circuit Court's grant of appellee Carroll County and appellee County Judge Sam Barr's summary-judgment motion on the claims of appellants, Cindy and John Finch, for alleged breach of contract, negligence, and inverse condemnation. We affirm.

This case began when the Finches were approached by Judge Barr to donate gravel from their creek bed for use on Carroll County roads. The Finches agreed to make the donation. Weeks after the county had removed several hundred truck loads of gravel, the debris left behind after the removal effectively dammed the creek. Severe rainfall in April 2011 plagued Carroll County, causing the Finches' creek to flood and damage their cattle, chickens, trees, and the chicken structures that were near the creek.

On September 19, 2011, the Finches filed suit against Carroll County and Judge Barr for the intentional taking of appellants' property for public use by the removal of the gravel without

SLIP OPINION

the requisite due-process proceedings, resulting in inverse condemnation of their property. The Finches also alleged negligence and sought damages from the appellees' "taking" and requested a jury trial and attorney's fees. The Finches later amended their complaint and added an allegation of breach of contract based on an alleged agreement to remove the gravel without damaging the Finches' property.

Appellees answered the amended complaint and pled defenses of qualified immunity, punitive-damages immunity, sovereign immunity, justification, mootness, set-off, comparative fault, failure to mitigate, assumption of risk, accord and satisfaction, failure of consideration, statute of frauds, waiver, estoppel, laches, and failure to state a claim for which relief could be granted. On February 22, 2013, appellees filed a motion for summary judgment, claiming that Carroll County was protected by statutory immunity, that there was no valid contract, and that there was no inverse-condemnation liability because the gravel was donated and was by definition not a taking.

The Finches responded to the summary-judgment motion with affidavits and a brief in which they argued that a contract did exist and the statute of frauds did not require that the contract be in writing. They also claimed that appellees' negligence in the removal of the gravel amounted to inverse condemnation because it damaged their property. The Finches produced no proof of a contract, oral or written. Further, there was no dispute that they willingly donated the gravel to appellees. Additionally, there was no showing that the value of the Finches' property was diminished based on the alleged structural damages or the negligent removal of the gravel.

SLIP OPINION

After considering the pleadings, accompanying briefs, and affidavits, the trial court entered an order on December 18, 2013, finding that appellees were immune from liability and suit for damages; there was no breach of contract because the transfer was a gift donation; and there was no inverse condemnation because there was no evidence that appellees' acts were intentional. The trial court granted appellees' motion for summary judgment and dismissed the Finches' case. On January 8, 2014, the Finches filed this appeal claiming that the trial court erred in its grant of the summary-judgment motion because genuine issues of material fact remained.

In reviewing a trial court's grant of summary judgment, we need only decide if the granting of the motion was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Edwards v. MSC Pipeline, LLC*, 2013 Ark. App. 165. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Id.* at 5. All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Id.*

Summary judgment is proper when a claiming party fails to show that there is a genuine issue as to a material fact and when the moving party is entitled to summary judgment as a matter of law. *Id.* Once a moving party establishes a prima facie entitlement to the summary judgment by affidavits, depositions, or other supporting documents, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of its pleadings, but its response, by affidavits or as otherwise

3

SLIP OPINION

provided, must set forth specific facts showing that there is a genuine issue for trial. Ark. R. Civ. P. 56 (2014).

First, we address the Finches' argument that the trial court erroneously dismissed their claim that the county-road-department officers were negligent in their extraction of the gravel from the creek that crossed the Finches' property. The trial court properly dismissed the negligence claim against the county because it is expressly precluded and foreclosed by Arkansas law, which declares that "all counties . . . and all other political subdivisions of the state . . . shall be immune from liability and from suit for damages" and that "no tort action shall lie against any such political subdivision because of the acts of their agents or employees." Ark. Code Ann. § 21-9-301 (a), (b) (Repl. 2011).

Likewise, the Finches' inverse-condemnation claim fails as a matter of law. Although permanency is not a requirement to establish an inverse-condemnation claim, negligence sustained over a long period of time resulting in a continuing trespass or nuisance can ripen into inverse condemnation. Here, there was but a single act of negligence and only one flood, which coincided with a natural weather anomaly. *See Robinson v. City of Ashdown*, 301 Ark. 226, 783 S.W.2d 53 (1990) (finding inverse condemnation where city had knowledge of sewer flooding over a period exceeding ten years causing homeowners' property to lose all value). Because there was no continuing, recurrent, or substantial trespass here, and no proof that the value of the Finches' property had substantially diminished, the trial court properly dismissed the inverse-condemnation action.

Finally, as to the Finches' contract claim, all parties agree that the gravel was a donation to appellees. The essential elements of a contract claim are competent parties, subject matter, legal consideration, mutual agreement, and mutual obligation. *Stewart v. Combs*, 368 Ark. 121, 126, 243 S.W.3d 294, 298 (2006). The Finches offered no proof to support their claim that there was a contract between them and the county. Thus, as a matter of law, there were no genuine issues of material fact on which a jury could determine that either Judge Barr or Carroll County was liable for breach of contract. Therefore, the trial court appropriately granted appellees' summary-judgment motion.

Affirmed.

GRUBER and WHITEAKER, JJ., agree.

*Bequette & Billingsley, P.A.*, by: *George J. Bequette, Jr.*, for appellants.

*Rainwater, Holt & Sexton*, by: *Jason E. Owens*, for appellees.