Cite as 2022 Ark. App. 23

# ARKANSAS COURT OF APPEALS

DIVISION IV

No. CV-20-547

| | |
|---|---|
| LEODIS SLEDGE, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF TANESHA LEACH, DECEASED, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES AND HEIRS AT LAW<br><br>APPELLANT<br><br>V.<br><br>CITY OF PINE BLUFF, ARKANSAS, BY AND THROUGH ITS MAYOR, SHIRLEY WASHINGTON, IN HER OFFICIAL CAPACITY AS MAYOR OF THE CITY OF PINE BLUFF, ARKANSAS; PINE BLUFF CITY COUNCIL, BY AND THROUGH ITS EX-OFFICIO PRESIDENT, SHIRLEY WASHINGTON, IN HER OFFICIAL CAPACITY; RICK RHODEN, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF PINE BLUFF STREET DEPARTMENT; AND KELVIN SARGENT, IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF PINE BLUFF<br><br>APPELLEES | **Opinion Delivered** January 19, 2022<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-20-392]<br><br>HONORABLE ROBERT H. WYATT, JR., JUDGE<br><br>AFFIRMED |

**STEPHANIE POTTER BARRETT, Judge**

Leodis Sledge, individually and as the special administrator of the estate of Tanesha

Leach, appeals the Jefferson County Circuit Court's grant of summary judgment to appellees,

the City of Pine Bluff, Arkansas, by and through its mayor, Shirley Washington, in her official

capacity as mayor of the City of Pine Bluff, Arkansas; Pine Bluff City Council, by and through its ex-officio president, Shirley Washington, in her official capacity; Rick Rhoden, in his official capacity as director of Pine Bluff Street Department; and Kelvin Sargent, in his official capacity as chief of police, City of Pine Bluff (collectively "Pine Bluff") on his claims of negligence that he asserted were the proximate cause of Leach's death on April 16, 2020. On appeal, Sledge argues (1) that the circuit court erred in granting summary judgment on the basis of qualified immunity because his complaint sufficiently alleged violation of a clearly established statutory right; and (2) that Arkansas courts have not interpreted Arkansas Code Annotated section 21-9-301 (Supp. 2021) to grant immunity from suit or damages to municipalities when the plaintiff alleges facts sufficient to establish conduct constituting gross negligence or conscious disregard for the safety of others. We affirm.

## I. *Facts*

On April 12, 2020, a large line of severe thunderstorms containing straight-line winds and tornadoes passed through Arkansas, including Jefferson County, where Pine Bluff is located. As a result of these storms, Jefferson County was declared by the governor to be a disaster area. Pine Bluff suffered hundreds of uprooted trees as a result of the extreme winds, and more than 33,000 Entergy customers lost power as a result of the storms. One of the downed trees partially obstructed the road on Hutchison Street near Smart Street. From April 13 to April 16, there were several documented 911 calls regarding the downed tree as well as several records indicating that both the police department and the street department were notified of the downed tree. However, no officers remained on the scene of the downed tree, no barriers were erected around the tree, and the street was not closed. On April 14, a motorist reported that he almost hit the tree and that it could not be seen until you were "right up on it." Early

2

on the morning of April 16, 2020, Kelli Shavers hit the downed tree while driving her vehicle. Tanesha Leach, who was a passenger in Shavers's vehicle, was killed. Shavers stated that she knew there was a downed tree on Hutchison Street, but she did not remember exactly where it was located, it was dark, and even though she slowed her vehicle as she believed she was getting close to the tree, she still hit the tree.

The appellees moved for summary judgment on Sledge's complaint, asserting municipal immunity on the basis that it had no general-liability coverage under Arkansas Code Annotated section 21-9-301. Attached to the summary-judgment motion was the affidavit of Shirley Washington, the mayor of the City of Pine Bluff, who averred that it had been determined that "there was no general liability insurance policy, or any other insurance policy, issued to the City of Pine Bluff, or in which the City was named as an insured, that would have provided any coverage for the incident that occurred on or about April 16, 2020."

On August 27, 2020, the circuit court granted the appellees' motion for summary judgment, finding that although Sledge had pleaded sufficient facts to establish a prima facie case of "utter indifference and conscious disregard," Arkansas Code Annotated section 21-9-301 grants municipalities immunity from liability and from suits for damages except to the extent they may be covered by liability insurance, and on the basis of Mayor Washington's affidavit, the city was not covered by liability insurance against negligent actions at the time of the incident in which Leach was killed. This timely appeal followed.

II. *Standard of Review*

In reviewing a circuit court's grant of summary judgment, we need only decide if the grant of the motion was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Finch v.*

3

*Carroll Cnty.*, 2014 Ark. App. 564, 445 S.W.3d 535. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Id.* All proof submitted must be viewed in the light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Id.* Summary judgment is proper when a claiming party fails to show that there is a genuine issue as to a material fact and when the moving party is entitled to summary judgment as a matter of law. *Id.* Once a moving party establishes a prima facie entitlement to the summary judgment by affidavits, depositions, or other supporting documents, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of its pleadings, but its response, by affidavits or otherwise provided, must set forth specific facts showing that there is a genuine issue for trial. *Id.* Whether a government defendant is immune from suit at the summary-judgment stage is purely a question of law, which is reviewed de novo on appeal. *Yang v. City of Little Rock*, 2019 Ark. 169, 575 S.W.3d 394.

III. *Discussion*

Sledge first argues that the circuit court erred granting summary judgment to the defendants on the basis of qualified immunity. This argument is not preserved for appellate review. In *Sloop v. Kiker*, 2016 Ark. App. 125, at 4, 484 S.W.3d 696, 699 (citations omitted), our court held:

> An appellant has the burden to obtain a ruling on an issue in order to preserve the issue for appeal. In the absence of a ruling, the appellate court will not reach the issue; nor will we presume a ruling from the circuit court's silence. Applying these principles, our courts have held that, when a circuit court's order specifies a particular ground for the court's decision, that ground alone is subject to our review. Other arguments that the appellant raised below but did not obtain a ruling on are not preserved for appeal, and we are precluded from addressing them. By contrast, if the

4

circuit court's order is more in the nature of a "blanket" decision and does not articulate a particular basis for its ruling, then the order encompasses all of the issues presented to the circuit court in the parties' briefs and arguments.

The circuit court granted the defendants' motion for summary judgment on the basis that Arkansas Code Annotated section 21-9-301 grants municipalities immunity from liability and from suit for damages except to the extent they may be covered by liability insurance. According to Mayor Washington's affidavit, Pine Bluff was not covered by liability insurance against negligent actions at the time of the incident in which Leach was killed. The circuit court never made a ruling on Sledge's qualified-immunity argument; thus, it is not preserved for appeal.

Even if Sledge had preserved this argument for appellate review, he would not prevail. In *Faughn v. Kennedy*, 2019 Ark. App. 570, at 4–5, 590 S.W.3d 188, 193, this court held that in determining whether claims against a defendant are made in his or her individual capacity, we approach the issue by examining the "course of proceedings" and look to the complaint as a whole to determine the nature of the action. In the present case, there was no indication Sledge sued any of the defendants in their individual capacities. Unlike in *Faughn*, where the complaint was titled using the defendants' individual names rather than their official titles, and the factual allegations in the complaint set forth only incidents of individual conduct, the complaint in this case named Washington, Rhoden, and Sargent in their official capacities only, and it made no claims of individual conduct, only conduct in the defendants' official capacities. "A suit against a public employee in his or her official capacity is merely a suit against the public employer. Qualified immunity is not a defense available to governmental entities, but only to government employers sued in their individual capacity." *Johnson v. Outboard Marine Corp.*, 172

5

F.3d 531, 535 (8th Cir. 1999). Because Sledge sued the public officials in their official capacities only, qualified immunity is not at issue.

Sledge next argues that our courts have not interpreted Arkansas Code Annotated section 21-9-301 to grant immunity to municipalities from suit or damages where sufficient facts are alleged to establish conduct constituting gross negligence or conscious disregard for the safety of others. Sledge's complaint alleged "that the appellees' conduct constituted gross negligence; a reckless indifference to the consequences of a known risk of an abnormally dangerous condition; and willful and wanton neglect in total disregard of the health and safety of Tanesha Leach" because they knew the downed tree "created a dangerous condition that would probably lead to serious injury or death if not removed from the street or if unsuspecting motorists traveling along North Hutchinson Street were not warned of the danger," and appellees failed to remove the downed tree or to warn unsuspecting motorists of the danger for three days, until the wreck that claimed Leach's life.

The circuit court granted the appellees' motion for summary judgment, basing its decision on Arkansas Code Annotated section 21-9-301, which provides:

> (a) It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, public charter schools, special improvement districts, law enforcement agencies for and certified law enforcement officers employed by a public or private institution of higher education, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.

> (b) No tort action shall lie against any such political subdivision because of the acts of its agents and employees.

This statute provides city employees with immunity from civil liability for negligent acts but not for intentional acts. *Smith v. Brt*, 363 Ark. 126, 211 S.W.3d 485 (2005). Sledge cites

6

*Doe v. Baum*, 348 Ark. 259, 72 S.W.3d 476 (2002), to support his claim that our courts have not addressed the issue of whether section 21-9-301 bars actions against municipalities in instances of gross negligence or reckless indifference. In *Baum*, a child was raped on a school bus Baum was driving. In holding that Baum's conduct did not rise to the level of gross negligence or reckless indifference, the supreme court held that there was no evidence that Baum *intentionally* acted or failed to act in reckless disregard of the consequences to the victim. Sledge did not allege any intentional acts by the appellees, only gross negligence and reckless indifference. When Sledge cited *Baum* at the summary-judgment motion hearing, the circuit court noted that *Baum* was a 2002 case, the current version of section 21-9-301 became effective on April 1, 2011, the legislature had not seen fit to make gross negligence and reckless indifference exceptions under the statute, and it would not do so either.

It is the court's duty "to declare what the law is, and not what it ought to be." *Hardin v. City of Devalls Bluff*, 256 Ark. 480, 485, 508 S.W.2d 559, 563 (1974). "In determining the meaning of a statute, we construe it just as it reads, giving words their ordinary and usually accepted meaning in common language." *United Servs. Auto. Ass'n v. Norton*, 2020 Ark. App. 100, at 6, 596 S.W.3d 522, 526 (quoting *Monday v. Canal Ins. Co.*, 348 Ark. 435, 440–41, 73 S.W.3d 594, 597 (2002)). A plain reading of section 21-9-301 provides immunity from torts for municipalities except to the extent that they may be covered by liability insurance.

The appellees attached to their motion for summary judgment an affidavit from Mayor Washington that asserted that Pine Bluff did not have liability insurance against negligent actions at the time of Leach's death. The mayor's affidavit is sufficient proof to establish that Pine Bluff did not have insurance coverage to provide coverage for Sledge's negligence claims. *City of Malvern v. Jenkins*, 2013 Ark. 24, 425 S.W. 711. An affidavit stating that there is no general-

liability coverage establishes a prima facie entitlement to summary judgment. *Yang*, *supra*. Sledge failed to meet proof with proof to demonstrate the existence of a genuine issue of material fact on this issue. Therefore, the appellees were entitled to municipal immunity under section 21-9-301, and summary judgment was proper.

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*McKissic & Associates, PLLC*, by: *Gene E. McKissic, Sr.*, for appellant.

*Linda Burgess*, Arkansas Municipal League, for appellee City of Pine Bluff.