Cite as 2026 Ark. App. 177

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-24-802

| | |
|---|---|
| | Opinion Delivered March 11, 2026 |
| MICHAEL TALLEY; JONESBORO POLICE DEPARTMENT; AND CITY OF JONESBORO, ARKANSAS<br>APPELLANTS | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NO. 16JCV-19-426] |
| V. | HONORABLE BENTLEY E. STORY, JUDGE |
| CAROLYN JOHNSON, MICHAEL JOHNSON, AND HAILEY JOHNSON (NOW BOYD) | |
| APPELLEES | REVERSED |

## KENNETH S. HIXSON, Judge

This appeal arises from a traffic accident that occurred on May 3, 2017, when a patrol car driven by appellant Michael Talley of the Jonesboro Police Department collided with a car being driven by appellee Carolyn Johnson with appellees Michael Johnson and Hailey Johnson (now Boyd) riding as passengers (collectively "the Johnsons"). The Johnsons filed a complaint against Talley and the City of Jonesboro (the City) alleging that Talley was negligent and seeking damages for their injuries. The Johnsons later filed an amended complaint alleging new claims against Talley for felony battery and felony aggravated assault.

The City and Talley filed a joint counterclaim for interpleader admitting liability with respect to the negligence claim and requesting permission to pay $50,000 into the court's

registry, which represented the limit of the City's statutorily mandated liability-insurance coverage. The City and Talley contemporaneously filed a motion to dismiss, arguing that they should be discharged from any further liability because they are entitled to tort immunity.

The trial court entered an order that accepted the City's request to interplead the $50,000 maximum limit of the City's liability exposure. In that order, the trial court also denied the motion to dismiss, finding that the Johnsons had alleged acts by Talley which they asserted go beyond immunity and that it was for a jury to determine whether Talley's conduct was intentional. The trial court also found in the order that the interpleader will not affect any claims the Johnsons might have against Talley for any proved acts that were outside the scope of his employment.

Talley now appeals from the order denying his motion to dismiss.[1] Talley argues that the trial court erred in denying him immunity under Ark. Code Ann. § 21-9-301 and Ark. Code Ann. § 21-9-303(b). Talley argues further that the trial court erred in denying him qualified immunity. We agree that Talley was entitled to immunity from any tort liability beyond the limit of the mandated insurance coverage, and we therefore reverse.

---

[1]The order was immediately appealable under Ark. R. App. P.–Civil 2(a)(10), which provides that an appeal may be taken from "[a]n order denying a motion to dismiss or for summary judgment based on the defense of sovereign immunity or the immunity of a government official."

## I.  *Facts and Procedural History*

This litigation began on May 2, 2019, when the Johnsons filed a complaint against Talley and the City.  In the complaint, the Johnsons alleged that Talley was operating his patrol car southbound during the course and scope of his employment on the afternoon of May 3, 2017, when he struck the Johnsons' car, which was traveling westbound, in an intersection.  The complaint alleged that Talley was negligent in failing to keep a proper lookout, failing to keep his vehicle under reasonable control, failing to drive at a reasonable speed, failing to stop at the stop sign, and failing to exercise ordinary care under the circumstances.  The complaint alleged further that, as a result of Talley's negligence, all three occupants in the Johnsons' car suffered physical injuries and should be awarded damages.

On September 13, 2019, Talley and the City filed an answer to the complaint acknowledging that there was a collision between the vehicles but generally denying liability. Talley and the City also alleged that they were entitled to tort immunity under Ark. Code Ann. § 21-9-301, which provides:

> (a) It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, public charter schools, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies *shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.*

> (b) No tort action shall lie against any such political subdivision because of the acts of its agents and employees.

(Emphasis added.) Talley and the City also asserted that they were entitled to tort immunity

for any damages in excess of the statutory limit established by Ark Code Ann. § 21-9-303,

which provides in relevant part:

> (a) All political subdivisions shall carry liability insurance on their motor vehicles or shall become self-insurers, individually or collectively, for their vehicles, or both, in the minimum amounts prescribed in the Motor Vehicle Safety Responsibility Act, § 27-19-101 et seq.
>
> (b) *The combined maximum liability of local government employees*, volunteers, *and the local government employer in any action involving the use of a motor vehicle within the scope of their employment shall be the minimum amounts prescribed in the Motor Vehicle Safety Responsibility Act, § 27-19-101 et seq.*[2]

(Emphasis added.)

Five years later, on April 29, 2024, the Johnsons filed an amended complaint against

Talley and the City. In the amended complaint, the Johnsons alleged:

1. All previous Complaints are incorporated by reference herein.

2. While *recklessly* travelling at a high rate of speed too fast for conditions in a police car, Talley was on his phone and distracted in violation of Paul's Law which caused Plaintiffs to be injured. This conduct rendered the patrol car a deadly weapon.

3. The accident itself happened close to 2:50 PM on a rainy Wednesday, May 2, 2017 at the intersection of Flint Street and West Huntington Avenue in Jonesboro. Patrolman Talley, 28 at the time, was driving his 2009 Ford Crown Victoria south on Flint Street. He was not in hot pursuit.

4. Talley approached the intersection but didn't stop. He ran the stop sign and entered the intersection as a 1998 Toyota RAV4 was coming down West Huntington. The RAV4 slammed into the front-side of the patrol car, totaling

---

[2]Arkansas Code Annotated section 27-19-605(a) (Repl. 2022) sets the minimum amount at $50,000 for an accident that causes bodily injury to two or more persons.

4

the SUV and bending the SUV's front end sideways. The two vehicles collided a second time as both spun in opposite directions from the impact, with the rear of the vehicles making contact. The patrol car then struck a fire hydrant so hard, it sent the steel projectile flying through a business's front door. The SUV slammed into a utility pole.

5. Carolyn Johnson, 66, suffered a broken wrist and three cracked or fractured ribs. Michael Johnson, who was a juvenile at the time, suffered a fractured ankle. The third occupant, Haley Johnson (now Boyd), 21, had her spine fractured by the wreck.

6. Johnson has lost all use of her legs. Muscle atrophy has set in. She can barely use her arms. She can barely even stay seated in a wheelchair.

7. Talley committed common law battery,[3] felony second degree battery in violation of A.C.A. § 5-13-202, and felony aggravated assault in violation of ACA 5-13-204 because he was not acting within the course and scope of his duty as a law enforcement officer while using the phone and driving too fast for conditions.

8. Talley was suspended for two days.

(Emphasis added.) In the amended complaint, the Johnsons sought compensatory and punitive damages exceeding $10 million as well as attorney's fees under Ark. Code Ann. § 16-118-107 (Repl. 2016), which provides in relevant part:

(a)(1) Any person injured or damaged by reason of conduct of another person that would constitute a felony under Arkansas law may file a civil action to recover damages based on the conduct.

. . . .

(3) If the person who is injured or damaged prevails, he or she shall be entitled to recover costs and attorney's fees.

---

[3]The Johnsons later voluntarily dismissed their claim for common-law battery.

5

On May 20, 2024, Talley and the City filed an answer to the amended complaint. In their answer, they again alleged that they were entitled to tort immunity pursuant to Ark. Code Ann. § 21-9-301 and again asserted that they were entitled to tort immunity for any damages in excess of the statutory limit established by Ark. Code Ann. § 21-9-303. Talley and the City stated, "Defendants have previously offered, and stand ready to proffer, the state law required maximum limit of $50,000 to the Plaintiffs in this matter."

On May 20, 2024, Talley and the City also filed a counterclaim for interpleader. In the counterclaim, Talley and the City admitted liability with respect to the negligence claim and requested permission to pay $50,000 into the court's registry, which represented the limit of the City's statutorily mandated liability-insurance coverage and the combined maximum liability of both defendants.[4] On May 20, 2024, the City and Talley also filed a motion to dismiss, arguing that they should be discharged from any further liability because they are entitled to tort immunity.

On May 28, 2024, the Johnsons filed an answer to the counterclaim, arguing that there is no immunity for intentional torts. On May 29, 2024, the Johnsons filed a response to the motion to dismiss, again asserting that there is no immunity for intentional torts and asking that the motion to dismiss be denied.

---

[4]The City and Talley attached the affidavit of the mayor of Jonesboro, who stated that at the time of the accident, the City of Jonesboro did not have insurance coverage for any amount in excess of the minimum requirements prescribed by Arkansas law.

6

On August 29, 2024, the trial court held a hearing on the City and Talley's counterclaim for interpleader and motion to dismiss. The parties argued their respective positions, and the trial court took the matters under advisement.

On September 8, 2024, the trial court entered an order that accepted the City's request to interplead $50,000 as the maximum limit of the City's statutory liability exposure but denied the motion to dismiss. In the order, the trial court made these findings:

14. The Defendants seek to interplead $50,000.00 into the registry of the court, this amount being the limit for which it is liable for the underlying traffic accident. They argue that Mr. Talley is entitled to tort immunity and that he should be dismissed from the lawsuit. The Plaintiffs have argued that Mr. Talley committed . . . felony second degree battery in violation of A.C.A. § 5-13-202 and felony aggravated assault in violation of A.C.A. § 5-13-204; consequently, he was not acting within the course and scope of his employment as a police officer. . . . While Mr. Talley may not have to answer to the criminal authorities, his actions could be considered as intentional torts.

15. The Plaintiffs have alleged certain acts on the part of Mr. Talley which they assert go beyond his immunity as an agent of the City of Jonesboro. The allegations are for a jury to determine if Mr. Talley's conduct was intentional or rises to the inference of an intentional tort.

16. Based on the above, this court denies the Defendants' Motion to Dismiss.

17. The City of Jonesboro requests that it be allowed to interplead the $50,000.00 of maximum liability exposure into the Registry of the Court. A.C.A. § 21-9-301 and § 21-9-303, in conjunction with the other statutes, limit the City's liability exposure to $50,000.00. It is willing to pay this amount and wishes to do so. It is this court's opinion, and ruling, that the City may do so. This interpleader will not affect any claims the Plaintiffs may have against Mr. Talley for any proven liability acts which were outside his scope of employment.

. . . .

19. The trial in this case is scheduled for September 23, 2024. The trial remains scheduled for the remaining issue, that being whether Mr. Talley's actions

were outside his scope of employment which would allow the Plaintiffs to recover from Mr. Talley personally.

Talley timely appealed from the September 8, 2024 order denying his motion to dismiss.

## II. *Standard of Review*

In reviewing a trial court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *McGhee v. Ark. State Bd. of Collection Agencies*, 360 Ark. 363, 201 S.W.3d 375 (2005). We focus only on the allegations in the complaint and not to matters outside the complaint. *Id.* We resolve all reasonable inferences in the complaint's favor and construe the pleadings liberally. *Monsanto Co. v. Ark. State Plant Bd.*, 2019 Ark. 194, 576 S.W.3d 8. Furthermore, the issue of whether a party is immune from suit is purely a question of law and is reviewed de novo. *City of Sherwood v. Bearden*, 2023 Ark. App. 67, 661 S.W.3d 213.

## III. *Discussion*

Talley's first argument, which is dispositive of this appeal, is that his motion to dismiss should have been granted because he was immune from any liability beyond the $50,000 statutory maximum based on the application of Ark. Code Ann. § 21-9-301 and Ark. Code Ann. § 21-9-303(b). Section 21-9-301 provides that all municipal corporations and governing bodies "shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance." Our supreme court has held that this statute provides city employees with immunity from civil liability for negligent acts but not for intentional acts. *Smith v. Brt*, 363 Ark. 126, 211 S.W.3d 485 (2005). Talley argues that

8

section 21-9-301 affords him tort immunity because the Johnsons did not allege that he acted intentionally in causing the accident. Talley relies further on section 21-9-303(b), which provides, "The combined maximum liability of local government employees, volunteers, and the local government employer in any action involving the use of a motor vehicle within the scope of their employment shall be the minimum amounts prescribed in the Motor Vehicle Safety Responsibility Act, § 27-19-101 et seq. [$50,000]." Talley states that the City interpleaded the $50,000 limit, which, under this statute, is the maximum combined liability of the City and Talley and the limit of the Johnsons' recovery. We agree.

The extent of tort immunity provided by Ark. Code Ann. § 21-9-301 was illustrated in *Sledge v. City of Pine Bluff*, 2022 Ark. App. 23. In *Sledge*, a severe thunderstorm downed numerous trees, and after being notified of a tree blocking a public street, the police failed to take any measures to protect the public such as monitoring the area, closing the road, or erecting a barrier. In the darkness of night, a vehicle hit the downed tree, killing a passenger in the vehicle, and the decedent's estate sued the municipality and related entities. The plaintiff alleged that the defendants' conduct constituted gross negligence, a reckless indifference to the consequences of a known risk of an abnormally dangerous condition, willful and wanton neglect, and total disregard for the health and safety of the decedent. The city defendants asserted the defense of tort immunity under Ark. Code Ann. § 21-9-301, and the trial court granted summary judgment to the defendants on that basis. The trial court found that, although the plaintiff had pleaded sufficient facts to establish a prima facie case of utter indifference and conscious disregard, this statute granted the defendants

immunity from liability and from suit, and the allegations of gross negligence and reckless indifference did not create an exception. On appeal in *Sledge*, this court stated that section 21-9-301 provides city employees with immunity from civil liability for *negligent acts* but not for *intentional acts*. In *Sledge*, we affirmed the trial court's finding that the City of Pine Bluff and other city officials were entitled to immunity under section 21-9-301 because Sledge did not allege any intentional acts by the appellees, only gross negligence and reckless indifference.

The Johnsons' original complaint alleged only *negligent* conduct by Talley in that he was driving too fast and failed to exercise ordinary care when he ran the stop sign. The Johnsons' amended complaint incorporated the allegations in the amended complaint and added some additional factual allegations, including that Talley was on his phone and distracted, and alleged that Talley's conduct would have constituted felony second-degree battery and felony aggravated assault.[5] However, the amended complaint specifically alleged that "[w]hile *recklessly* traveling at a high rate of speed too fast for conditions in a police car, Talley was on his phone and distracted . . . which caused plaintiffs to be injured." (Emphasis added.)

---

[5]A person commits second-degree battery if the person *recklessly* causes serious physical injury to another person by means of a deadly weapon. Ark Code Ann. § 5-13-202(a)(3)(A) (emphasis added). A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he or she purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person. Ark. Code Ann. § 5-13-204(a)(1).

The Johnsons further allege that Talley's conduct would have constituted the offense of second-degree battery and was therefore intentional. However, a review of Ark. Code Ann. § 5-13-202(a)(3)(A) (Supp. 2023) shows that a person commits second-degree battery if the person *recklessly* causes serious physical injury to another person by means of a deadly weapon. (Emphasis added.) This argument is easily dispensed with because, regardless of whether a patrol car might be considered a deadly weapon under some circumstances, second-degree battery includes the element of reckless—and not intentional—conduct.

Further, a person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he or she purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person. Ark. Code Ann. § 5-13-204(a)(1) (Supp. 2023). A person acts purposely with respect to his conduct when it is his conscious object to engage in conduct of that nature or to cause the result. Ark. Code Ann. § 5-2-202(1). Here again, the Johnsons' allegations fall short of intentional conduct. The Johnsons cite *Colvin v. State*, 2009 Ark. App. 757, where we held that there was sufficient evidence to support an aggravated-assault conviction where the appellant, while attempting to evade the police, accelerated his vehicle without headlights toward an officer's patrol car and struck the driver's side of the patrol car. The facts there were as follows:

> McDermott, joined by other officers, chased appellant at speeds in excess of 100 miles per hour. Eventually, appellant extinguished his headlights, drove through the front lawn of a business, jumped a curb, and made a U-turn in the parking lot. Soon thereafter, McDermott arrived in the parking lot. McDermott testified that, instead of stopping, appellant accelerated his vehicle and drove toward McDermott's

11

patrol unit.  McDermott stated that he knew that appellant was about to hit him, so McDermott tried to position the patrol car to allow the push bar on the front of the vehicle to receive the impact. McDermott testified, however, that he was not able to complete that maneuver in time and that appellant's vehicle struck the patrol car on the front quarter panel of the driver's side with such force that the entire wheel assembly collapsed.  Although McDermott's vehicle was disabled, the other officers continued the pursuit of appellant.  Ultimately, appellant stopped his vehicle in a shopping center, and the police apprehended him after a foot chase.

*Colvin*, 2009 Ark. App. 757, at 2.  We held in *Colvin* that the appellant's actions manifested an extreme indifference to the value of human life and created a substantial danger of death or serious physical injury. This case is completely distinguishable from *Colvin* because here, the allegations against Talley are generally that he caused a motor vehicle accident because he was on his cell phone while operating his patrol car.  Even viewing the facts alleged in the amended complaint in the light most favorable to the Johnsons as we are required to do in reviewing a motion to dismiss, Talley's conduct did not rise to the level of consciously engaging in conduct that manifested an extreme indifference to the value of human life and created a substantial danger of death or serious physical injury.  The Johnsons' bare allegation of an aggravated assault under Ark. Code Ann. § 5-13-204(a)(1) is insufficient to defeat statutory immunity without facts to support the claim that Officer Talley acted intentionally in causing their injuries.

The Johnsons' argument is more refined in their appellate brief where they argue: "Talley's conduct was not accidental—it was *reckless* in the truest legal sense.  He knew, or should have known, that speeding through a residential intersection while texting on a rainy day created a grave risk of harm."  This argument only accentuates the fact that Talley was

12

not alleged to have acted intentionally in causing the accident but was instead alleged to have acted recklessly, which does not create an exception to tort immunity.

The Johnsons also argue in their brief that Talley may not avail himself of Ark. Code Ann. § 21-9-303(b) because Talley was not operating the vehicle within the scope of his employment as required by that statute. However, it is undisputed that Talley was on duty and driving a marked patrol car when the accident occurred. In the Johnsons' original complaint, they expressly alleged that "Michael Talley is an employee of the Jonesboro Police Department *and was operating the vehicle during the course and scope of his employment.*" (Emphasis added.) In the Johnsons' amended complaint, they alleged that Talley was "not acting within the course and scope of his duty as a law enforcement officer while using the phone and driving too fast for conditions" and noted that Talley was not in hot pursuit. Even if Talley was driving his patrol car in a negligent manner, as alleged in the original complaint and in the amended complaint, Talley was within the scope of his employment as a police officer when the accident occurred.

Because Talley was operating the patrol car within the scope of his employment with the Jonesboro Police Department when the accident occurred, and the Johnsons did not allege that the accident was the result of an intentional act, we conclude in our de novo review that Talley was entitled to tort immunity, and the Johnsons were subject to the $50,000 liability limit interpleaded by the City pursuant to Ark. Code Ann. §§ 21-9-301 and -303. Accordingly, we hold that the trial court erred in denying Talley's motion to dismiss,

and we reverse.  Because we reverse on Talley's first point on appeal, we need not consider his remaining argument that he was entitled to qualified immunity.

Reversed.

KLAPPENBACH, C.J., and TUCKER, J., agree.

*Harringson, Miller, Kieklak, Eichmann & Brown, P.A.*, by: *Thomas N. Kieklak*, *R. Justin Eichmann*, and *Susan Keller Kendall*, for separate appellant Michael Talley, in his individual capacity.

*Sutter & Gillham, P.L.L.C.*, by: *Luther Oneal Sutter*, for appellees.